UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| v. | ) | No. 1:05-cv-129 |
| | ) | *Edgar / Lee* |
| BACK TO HEALTH CHIROPRACTIC, | ) | |
| | ) | |
| *Respondent*. | ) | |

*-and-*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| v. | ) | No. 1:05-cv-130 |
| | ) | *Edgar / Lee* |
| DONALD R. SHELBY, | ) | |
| | ) | |
| *Respondent*. | ) | |

## **MEMORANDUM**

The United States of America, in each of these cases, has filed a petition to judicially enforce an Internal Revenue Service ("IRS") summons pursuant to 26 U.S.C. §§ 7402(b) and 7604 (a). In case No. 1:05-cv-129, the summons is directed at Back to Health Chiropractic, which apparently is, or was, a corporation. In case 1:05-cv-130, the summons is directed at Donald R. Shelby ("Shelby"), an individual.

These cases involve questions concerning the scope and application of the privilege against self-incrimination protected by the Fifth Amendment to the United States Constitution and the "act

-1-

of production" privilege recognized by the Supreme Court in *United States v. Doe*, 465 U.S. 605 (1984). This Court referred the petitions to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. The Magistrate Judge held an evidentiary hearing in these matters, and has submitted a report and recommendation which concludes that in case No. 1:05-cv-129, the petition be granted in its entirety as to Back to Health Chiropractic; but in case No. 1:05-cv-130, it is recommended that the petition be denied as to Shelby, individually.

The United States has filed objections to the Magistrate Judge's report and recommendation in both cases. Shelby has filed an objection [Court Doc.18] to the report and recommendation in case No. 1:05-cv-129. This Court has considered all objections to the Magistrate Judge's report and recommendation. After reviewing the record *de novo*, the Court reaches the following conclusions:

## I.
## Case No.1:05-cv-129
## Back to Health Chiropractic ("BTHC")

The Magistrate Judge correctly found that the United States had made out a *prima facie* case for enforcement of the IRS summons against BTHC. This included evidence that BTHC was a corporation, and had filed corporate tax returns in 1997 and 1998, and that BTHC's Employer Identification Number had been used in 1999.

Once the government makes out a *prima facie* case, the burden then shifts to Shelby "to provide specific, substantive facts showing that a genuine issue exists as to any material, legally sufficient defense to enforcement of the summons." *United States v. Hibben*, 2005 WL 1208861, *1 (E.D. Ky. Feb. 16, 2005). A person who opposes enforcement of an IRS summons bears the burden to disprove the existence of a valid civil tax determination or collection purpose by the IRS.

-2-

*United States v. LaSalle National Bank*, 437 U.S. 298, 316 (1978); *Hibben*, 2005 WL 1208861 at *1.

The Court agrees with the Magistrate Judge that Shelby has not met his burden of proof to rebut the government's prima *facie case* as to BTHC. Shelby alleges that he is the sole proprietor of BTHC, and he describes BTHC as being an "unincorporated fictitious name." However, Shelby did not present any evidence at the June 21, 2005, hearing before the Magistrate Judge to prove that BTHC was not a *de jure* or *de facto* corporation during the tax years in question, i.e. tax years 2000 - 2003. Shelby did not present any evidence that BTHC is a sole proprietorship. When asked about the status of BTHC and whether it was a sole proprietorship, Shelby, after being placed under oath, refused to answer questions asserting a Fifth Amendment privilege against self-incrimination. In the absence of any evidence from Shelby, the Court can only find that: (1) BTHC was a *de jure* or *de facto* corporation during the tax years 2000 - 2003; and (2) BTHC is not an unincorporated, sole proprietorship. Based on the evidence presented by the government, BTHC was a corporation. There was no proof at the hearing held by the Magistrate Judge showing that the status of BTHC has ever changed from a corporation to a sole proprietorship.

Shelby attempts, on behalf of BTHC, to exercise a Fifth Amendment privilege against self-incrimination not to produce the BTHC corporate records sought by the IRS. The Magistrate Judge properly concludes that the Fifth Amendment privilege against self-incrimination and the "act of production" privilege do not extend to the business records of a corporation. An individual (Shelby) cannot invoke the Fifth Amendment privilege to avoid producing the records of the collective entity, BTHC corporation, which are in his possession in a representative capacity, even if those records might incriminate him personally. *Braswell v. United States,* 487 U.S. 99 (1988); *Doe,* 465 U.S. at

612-13; *Bellis v. United States,* 417 U.S. 85, 87-89 (1974); *United States v. B & D Vending, Inc.*, 398 F.3d 728, 733-35 (6th Cir. 2004); *United States v. Grable*, 98 F.3d 251, 254, 256 (6th Cir. 1996); *In re Grand Jury Proceedings,* 771 F.2d 143 (6th Cir. 1985); *In re Grand Jury Empanelled March 8, 1983*, 722 F.2d 294 (6th Cir. 1983).

As the Sixth Circuit explains in *B& D Vending*, 398 F.3d at 734, the relevant questions are: (1) whether the entity whose records are being summoned (here BTHC), is relatively well organized and structured; (2) whether the specific records sought are records of the collective entity; and (3) whether the records are held in a representative capacity. *See Bellis*, 417 U.S. at 92-93. All of these criteria are met in the instant case.

Accordingly, the objection filed by Shelby on behalf of BTHC will be **DENIED**. The grounds for the United States' objection to the report and recommendation in this case remain shrouded in mystery, and the government's objection will likewise be **DENIED.** As to case No. 1:05-cv-129, the Court will enter a separate order **ACCEPTING and ADOPTING** the Magistrate Judge's report and recommendation, and **GRANTING** the government's petition to enforce the IRS summons against BTHC.

## II.
## Case No. 1:05-cv-130
## Donald R. Shelby ("Shelby")

The Magistrate Judge recommends denying the petition to enforce the summons as to Shelby individually because Shelby asserted that he had none of the documents sought in the summons (and the United States failed to prove otherwise); and that to require Shelby to produce any such documents would violate his Fifth Amendment "act of production" privilege.

-4-

The United States objects, asserting that some documents may fall within the so-called "foregone conclusion" exception to the Fifth Amendment self-incrimination privilege. *See Fisher v. United States,* 425 U.S. 391 (1976); *United States v. Teeple*, 286 F.3d 1047 (8th Cir. 2002). The United States suggests that the Court hold an *in camera* hearing, apparently along the lines suggested in *Grable*, 98 F. 3d at 257, to determine whether any documents fit within the "foregone conclusion" exception.

The problem with the government's proposed solution in this particular case is that there is no evidence showing that Shelby has any records at all. Shelby maintains that he has none of these records sought by the IRS. While the Court finds this difficult to believe on its face, the United States has produced no proof which could lead the Court to find otherwise. For example, the United States seeks, in its boilerplate subpoena, canceled checks and deposit slips; but the government has not produced any evidence that Shelby has a banking account. The Court cannot order Shelby to produce documents which do not exist.

Since, as the Magistrate Judge concluded, the threat of criminal prosecution hangs over Shelby[1]; and since we do not know what, if any, tax related records he may have, the Court must conclude, along the Magistrate Judge, and out of an abundance of caution, that the act of producing documents in response to the IRS summons might involve a substantial and real hazard of compelled testimonial self incrimination in violation of the Fifth Amendment privilege. *See United States v. Doe*, 465 U.S. at 613; *Grable*, 98 F.3d at 253-56.

---

[1] There could conceivably be a prosecution for tax offenses, as well as perjury, if indeed Shelby has lied under oath about the existence of the records sought by the United States.

A separate order will enter **ACCEPTING and ADOPTING** the report and recommendation of the Magistrate Judge, and **DENYING** enforcement of the IRS summons as to Donald R. Shelby, individually.

>                       */s/ R. Allan Edgar*
>                       R. ALLAN EDGAR
>                       UNITED STATES DISTRICT JUDGE